NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **Esmat Zaklama,** | : | |
| | : | Civil Action No.06-cv-1951 (PGS) |
| Plaintiff, | : | |
| v. | : | |
| **City of Bayonne, et al.** | : | |
| | : | **OPINION** |
| Defendants. | : | |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on an Order to Show Cause, filed by Plaintiff, Esmat Zaklama, seeking temporary restraints and an order (1) directing and compelling the defendant Bayonne Municipal Court Judges Frank Carpenter and Cheryl Scott Cashman to recuse themselves and refrain from hearing any matter related to plaintiff or any of plaintiff's immediate relatives and (2) directing and compelling alleged potential defendant Bayonne Municipal Prosecutors Susan Ferraro and Donna Russo from prosecuting any matter related to plaintiff or any of plaintiff's immediate relatives.

Plaintiff submitted two certifications, one by plaintiff and another by Abir Aldrmly, presumable an immediate relative of plaintiff, and a supplemental brief in support of the Order to Show Cause. Plaintiff claims that the defendants abused their authority in violation of plaintiff's civil rights. Specifically, plaintiff alleges Judge Carpenter abused his authority by signing an order which required plaintiff to submit to the prosecutor "[a]ll documents which any defendant shall rely

upon at trial" in the matter of *State of New Jersey v. Zaklama, et als*.[1]  Plaintiff alleges that Judge Carpenter is in "cahoots" with the prosecutors and is usurping the prosecutor's function by demanding documents.  Additionally, plaintiff argues that the documents requested are matters of public record and by ordering plaintiff to produce them forces plaintiff "to do the homework of the prosecutor."  It is further asserted that plaintiff was threatened with contempt when he attempted to invoke his fifth amendment privilege.  Plaintiff alleges bias against Judge Cashman in connection with the municipal court's alleged threat of a $500.00 daily sanction for failing to produce documents, despite plaintiff's assertion that he was not the trustee of the particular trust from which the documents were requested.  Factually, Zaklama has received numerous summonses from the Buildings Department of the City of Bayonne for failure to properly maintain various properties.  Zaklama disputes same on various grounds.

For the reasons expressed herein, plaintiff's Order to Show Cause and request for temporary restraints is denied in its entirety.

The provisions of the Federal Anti-Injunction Act, codified at 28 U.S.C. § 2283, state as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

This provision means that the United States District Court lacks authority to stay proceedings in the State court, except for very narrow exceptions.  While "a municipal court is a state court for the purposes of the anti-injunction statute," *Washington v. Garmire*, 317 F.Supp. 1384, 1388 (D.C. Fla. 1970), the general rule is that 28 U.S.C. §2283 "prohibits federal courts from issuing injunctions

---

[1] The entire caption reads as follows: *State of New Jersey v. Esmat Zaklama, Zaklama's Irrevocable Trust, Coptic Irrevocable Trust, Abir Aldrmly, and Zak's Enterprise*, Summons Nos. 020720; 017421-428; 017631; 015019; 017414; 017415; 015415; 015416.

against state court judges." *Lusk v. McDonough*, 386 F.Supp. 183, 184 (D.C. Tenn. 1974); see also *Coogan v. Cincinnati Bar Association*, 431 F.2d 1209 (6th Cir. 1970).

Competing interests between the anti-injunction statute and civil rights legislation has yet to be uniformly resolved. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable...

42 U.S.C. §1983.

Only the Third Circuit has made the affirmative finding that the Civil Rights Act is an exception to the anti-injunction statute. *Power to Enjoin State Prosecutions Violative of Federally Protected Rights*, 114 U. Pa. L. Rev. 561 (1966) (citing *Cooper v. Hutchinson*, 184 F.2d 119, 124 (3d Cir. 1950)); see also *National Land & Investment Company v. Spector*, 428 F.2d 91 (3d Cir. 1970); compare *Baines v. City of Danville*, 337 F.2d 579 (4th Cir. 1964), cert. denied, 381 U.S. 939 (1965); *Wojcik v. Palmer*, 318 F.2d 171 (7th Cir.), cert. denied, 375 U.S. 930 (1963); *Goss v. Illinois*, 312 F.2d 257 (7th Cir. 1963); *Smith v. Village of Lansing*, 241 F.2d 856 (7th Cir. 1957); *Sexton v. Barry*, 233 F.2d 220 (6th Cir.), cert. denied, 352 U.S. 870 (1956). Unfortunately, the Court in *Cooper* did not articulate its reasons. *Power to Enjoin State Prosecutions Violative of Federally Protected Rights*, 114 U. Pa. L. Rev. 561 (1966).

In a strikingly similar matter out of the Eastern District of Tennessee, in *Caughorn v. Phillips*, 981 F.Supp. 1085 (E.D. Tenn. 1997), the plaintiff sought restraining orders against the assistant district general and chancellor, because the assistant district general could "not properly

conduct matters concerning the above case while she is a co-defendant in a [Federal] Court proceeding brought against her by your plaintiff," and the chancellor could "not properly rule in those actions while he is a co-defendant in a [Federal] court proceeding brought against him by your plaintiff."

The *Caughorn* Court outlined several grounds to deny the plaintiff's request. In considering the Anti-Injunction Act, the *Caughorn* Court noted that "[w]hile the plaintiff seeks not injunctive relief prohibiting the continuation of the proceedings in chancery, but a restraining order prohibiting the defendant assistant district attorney general and the defendant chancellor from participating in those proceedings, the effect of granting the temporary restraining orders sought by the plaintiff would nonetheless be substantial interference by a federal court in proceedings in a State court." *Caughorn*, 981 F.Supp. at 1887. Acknowledging the Civil Rights Act exception recognized in the Third Circuit, the Court noted that the plaintiff had neither pleaded with clarity a cause of action under §1983 nor made a showing that he is likely to succeed on the merits of a §1983 claim against the defendants. Most importantly, however, the Court pointed out that "a determination that 28 U.S.C. §2283 does not prohibit injunctive relief in this case does not compel an award of such relief, for principles of equity, comity, and federalism weigh heavily against enjoining a Tennessee assistant district attorney general and a Tennessee chancellor from performing their respective functions." *Id.* (citing *Mitchum v. Foster*, 407 U.S. 225, 243, 244, 92 (1972)(Burger, C.J., and White and Blackmun, JJ. concurring)).

Lastly, the court in *Caughorn* relied on the *Younger* abstention doctrine as another means to deny the requested relief. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971). The

District Court has "discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir.2005). While it is recognized that "abstention rarely should be invoked, and is only appropriate in a few carefully defined situations," *Id.*, the circumstances before the Court present facts that would support abstention. To invoke *Younger* abstention, the follow elements must be established: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. *Tucker v. Ann Klein Forensic Center*, 174 Fed.Appx. 695 (3d Cir. 2006); *Gwynedd Properties, Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1200 (3d Cir.1992). These elements are met in this case.

For the same reasons as those expressed in *Caughorn*, the Court finds plaintiff's application for a temporary restraining order deficient. In the certifications and the supplemental brief submitted in support of the Order to Show Cause, plaintiff has not shown a likelihood of success on the merits of his claims against these defendants. Nor has plaintiff demonstrated the prospect of irreparable injury for which he does not have other legal remedies. "The federal court does not sit as a court of appeals reviewing the proceedings in State court." *Surgick v. Supreme Court of New Jersey, Appellate Division*, 2006 WL 1084218 (D.N.J.). It is clear to this Court that public policy weighs heavily against granting the type of extraordinary relief requested herein. Moreover, if plaintiff contends the municipal court judges cannot be impartial, there are adequate protections under the New Jersey Court Rules which plaintiff may pursue.

The Court will accordingly deny the plaintiff's Order to Show Cause.

January 5, 2007

S/ *Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.